[Crim. No. 1268.  First Appellate District, Division Two.—February 23, 1926.]

## THE PEOPLE, Respondent, v. WILBERT L. COSPER, Appellant.

[1] MEDICAL PRACTICE ACT — CONFLICTING EVIDENCE — VERDICT — APPEAL.—In a prosecution for a violation of section 17 of the Medical Practice Act proscribing the wilful practice of any system or mode of treating the sick and afflicted by one who does not hold a valid certificate therefor, if the evidence covering the actions and methods of the accused is in conflict, and there is competent evidence sufficient to prove the charge contained in the information notwithstanding the conflict, the verdict of guilty cannot be disturbed on appeal.

[2] ID.—INFORMATION—EVIDENCE—VERDICT.—In this prosecution of the organizer and a member of a corporation known as the Christian Philosophical Institute for a violation of section 17 of the Medical Practice Act, as the result of his treatment of a woman patient during her confinement, the evidence as to the acts and methods of defendant was sufficient to support the charge contained in the information.

[3] ID.—MATERNITY CASE — EMERGENCY TREATMENT — EVIDENCE.—In such prosecution, the uncontroverted evidence having shown that arrangements had been· made for the treatment by defendant of this particular patient several days before the date he was called and that approximately twenty hours elapsed between the

time when he commenced his treatment and the time of the birth of the child, during which time ample opportunity was afforded to secure a regularly licensed physician, there was no merit in defendant's contention that the case was an emergency treatment within the exception found in section 22 of the Medical Practice Act.

[4] ID.—USE OF PRAYER AS SUBTERFUGE—EVIDENCE.—In such prosecution, the evidence having shown that the use of prayer by defendant in the treatment of his patient was a mere subterfuge to escape the prohibitory provisions of the Medical Practice Act, defendant did not come within the exception contained in section 22 of the act to the effect that the provisions of the act shall not "prohibit or apply to any kind of treatment by prayer."

[5] ID.—DEFENDANT AS ACTOR—EMERGENCY TREATMENT—EVIDENCE—INSTRUCTIONS.—In such prosecution, the evidence having shown that defendant was the actor, and not an assistant, in the treatment rendered, and that there were no circumstances under which the question of an emergency could arise, the trial court did not commit prejudicial error in refusing to give defendant's requested instructions relating to the employment of an assistant under a duly licensed practitioner and to the question of emergency treatments.

(1) 17 C. J., p. 264, n. 89.   (2) 30 Cyc., p. 1563, n. 46, p. 1568, n. 92.   (3) 30 Cyc., p. 1561, n. 30 New.   (4) 30 Cyc., p. 1562, n. 34. (5) 16 C. J., p. 1045, n. 39; 30 Cyc., p. 1569, n. 5.

APPEAL from a judgment of the Superior Court of Contra Costa County. H. V. Alvarado, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. D. Johnson and F. L. Butterway for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The appellant was tried and convicted upon an information charging him with a violation of section 17 of the Medical Practice Act proscribing the wilful practice of any system or mode of treating the sick and afflicted by one who does not hold a valid certificate therefor. The appellant has appealed upon a typewritten record from the judgment following the verdict of guilty and from the order denying his motion for a new trial.

[1] The chief ground urged on the appeal is that the evidence is insufficient to support the verdict of guilty. The evidence covering the actions and methods used by the appellant at the time complained of is in conflict and it is therefore not necessary to do more than to refer to the rule that the verdict cannot be disturbed if there is competent evidence sufficient to prove the charge contained in the information notwithstanding the conflict. [2] It is in evidence that the appellant was the organizer and a member of a corporation known as the Christian Philosophical Institute, which was organized for the purpose of teaching students to treat by prayer the sick and afflicted. A few days prior to August 28, 1924, arrangements were made by the appellant to treat Anna Dietrich during the period of her confinement, and as a part of these arrangements it was agreed that the appellant would treat her without fee and that he might bring to her home a number of his students for the purpose of giving them instruction in the treatment of cases of that character. At 5 o'clock A. M. of August 28, 1924, the appellant and his students gathered at the home of the patient and immediately thereafter the appellant made a physical examination of his patient and gave her instructions as to the character of exercises which she should perform in order to aid the birth of her child. During this time the appellant's students were engaged with him in going through certain exercises which were a part of the method of treatment taught by the institute, and during the period between the time of labor the students retired to the dining-room and either engaged in silent prayer or in dancing and other forms of amusement. This treatment continued from 5 o'clock of the morning of August 28th until 2 o'clock of the following morning, when the patient and her husband insisted upon having medical treatment, and she was removed to a maternity hospital, where the child was born at 7 o'clock of that morning. At about 7 o'clock A. M. of August 28th a Dr. Leatherwood, who was duly licensed to practice osteopathy, came to the premises on the call of the appellant and remained with the patient for several hours, and during this time appellant worked with the doctor and under his direction in the manipulation of the body of the patient. It was conceded that the appellant did not at any of the times referred to have a certificate entitling him

to practice any system or mode of treating the sick or afflicted in this state. The evidence recited, without going into further detail, is sufficient to support the charge in the information of a violation of section 17 of the Medical Practice Act.

[3] It is urged on the part of the appellant that the case was an emergency treatment and that it therefore comes within the exception found in section 22 of the Medical Practice Act, which provides that ''nothing in this act shall be construed to prohibit service in case of an emergency.'' The suggestion of an emergency in this particular is refuted by the uncontroverted evidence that arrangements had been made for the treatment by the appellant of this particular patient several days before the date he was called, and from the further fact that approximately twenty hours elapsed between the time when he commenced his treatment and the time of the birth of the child. During that time ample opportunity was afforded to secure a regularly licensed physician.

[4] It is also urged that the appellant is entitled to relief from the exception contained in section 22 of the Medical Practice Act to the effect that the provisions of the act shall not ''prohibit or apply to any kind of treatment by prayer.'' An examination of the record in this case shows without the slightest doubt that the use of prayer by the appellant in the treatment of his patient in this case was a mere subterfuge to escape the prohibitory provisions of the Medical Act.

[5] The appellant suggests that the trial court erred in refusing to give his proposed instructions numbers 4 and 5, which related to the employment of an assistant under a duly licensed practitioner and to the question of emergency treatments. We have seen that these issues were not before the jury because the uncontroverted evidence was that the appellant was the actor and not an assistant in the treatment rendered and that there were no circumstances under which the question of an emergency could arise. We find no prejudicial error in the record.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.